## UNITED STATES v. VAN BLANKENSTEYN et al.

### (Circuit Court, S. D. New York. December 17, 1898.)

### No. 2,338.

1. CUSTOMS DUTIES—COMMERCIAL DESIGNATIONS—LACES.
   The commercial designations "laces" and "lace" are not confined to lace which is sold by the yard only, but may include articles made of lace.[1]

2. SAME—CLASSIFICATION—LACES.
   Tidies made of flax, and known commercially as "Renaissance lace tidies," or "Renaissance tidies," made of tape, thread, and rings, were dutiable under paragraph 276 of the act of 1894, as laces or articles made wholly or in part of lace composed of flax, and not under paragraph 277, as manufactures of flax not specially provided for.

This was an application by the United States for a review of a decision of the board of general appraisers reversing the action of the collector in respect to the classification for duty of certain articles made of flax lace, imported by Van Blankensteyn & Hennings.

James T. Van Rensselaer, Asst. U. S. Atty.
Everit Brown, for importers.

TOWNSEND, District Judge. The merchandise in question is tidies made of flax, which are commercially known as "Renaissance lace tidies," or "Renaissance tidies." The materials of which it is composed are tape, thread, and rings. When the completed article is made up, either in the form of tidies or in straight pieces, so as to be sold by the yard, it is commonly known as "Renaissance lace," or "Renaissance laces," and comes within the term "laces," in the ordinary acceptation of the term. The collector found that the merchandise was flax lace tidies, and therefore dutiable under paragraph 276 of the act of 1894, at 50 per cent. ad valorem, as "laces * * * or articles made wholly or in part of lace * * * composed of flax." The importers protested that they were dutiable under paragraph 277 of said act, at 35 per cent., as "manufactures of flax * * * not specially provided for." The board of general appraisers sustained the protest, and the government appeals.

Counsel for the importer admits that these articles, made of tape, thread, and rings, are laces when made by the yard, and that articles

---

[1] For interpretation of commercial and trade terms, see note to Dennison Mfg. Co. v. U. S., 18 C. C. A. 545.

91 F.—62

made by sewing such material in the shape of tidies, like Exhibit A, for example, or as a border around a plain center, are laces and articles made of lace, but contends that the commercial designations "laces" and "lace" are confined to those forms of the fabrics commonly known as laces which are sold by the yard. The strength of this contention lies in the fact that, when purchasers ask for such articles other than lace by the yard, they designate them as "lace tidies." I do not understand that this fact takes the article out of the class of laces. It is conceded that a person who wished to buy lace for edges or insertions or flouncings would ask for lace edgings or insertions or flouncings, as one witness says, to indicate somewhat its width or purpose. In the same way, the purchaser would designate what kind of laces he wished when he called for lace collars, cuffs, or handkerchiefs. It appears that even lace 36 or 63 inches in width, one width of which would be sufficient to make a whole dress, would be included under the commercial term "lace." The importer, however, contends that, if these tapes, rings, and thread. are put together in a certain pattern, it is lace when it is made straight to be sold by the yard, but it is not lace when it is made in a curved form or in a square. In view of the fact that these articles are commonly included under the term "laces," and in view of the fact that nearly all of the witnesses testify they are commercially known as "lace tidies," and in view, further, of the testimony of several witnesses that lace collars, cuffs, and other articles not made to be sold by the yard are known commercially as "laces," I find that the importer has failed to prove his contention that there is such a universal trade term or designation "laces" as would include an article made by the yard, and exclude the same pattern when made in other forms. The decision of the board of general appraisers is reversed.